**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold Leroy FISHER, Defendant–Appellant.**

No. 88–1790
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 7, 1989.
Rehearing Denied April 3, 1989.

Edward H. Hill (court-appointed), Amarillo, Tex., for defendant-appellant.

James P. Laurence, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Amarillo, Tex., for plaintiff-appellee.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In sentencing a defendant who pleaded guilty to transporting a stolen truck in interstate commerce, the district court imposed a sentence of five years, which was within the statutory maximum, but in excess of the sentence of 30–37 months prescribed by the Sentencing Guidelines. The district court gave as its reason for doing so the fact that the defendant's criminal history computed in accordance with the Guidelines did not adequately take into account the nature of the defendant's criminal record, a factor that may be considered for upward departure when the defendant has previously been sentenced to terms of substantially more than one year. We find the district court's reasons for upward departure from the guidelines adequate to support the sentence imposed and, therefore, affirm.

Harold Leroy Fisher was charged with and pleaded guilty to transporting a stolen 1977 truck tractor from Gallatin, Tennessee to Amarillo, Texas in violation of 18 U.S.C. § 2312. At the time he was arrested in Amarillo, he was en route to Albuquerque, New Mexico in the truck and was an escapee from federal custody, having walked off from a half-way house on January 28, 1988, the day he was transferred there from the Federal Correctional Institute at La Tuna, Texas.

The presentence report shows, and Fisher does not deny, that he was previously convicted and sentenced as follows:

Convictions of Harold L. Fisher

| DATE | COURT | OFFENSE and SENTENCE |
|---|---|---|
| 11–21–75 | U.S.D.C. South Carolina | One count Interstate Transportation of a Stolen Motor Vehicle (five years imprisonment) and one count Interstate Transportation of Stolen Property (ten years suspended for five years probation consecutive to Count 1). |
| 5–6–80 | U.S.D.C. Tennessee | One count Interstate Transportation of a Stolen Motor Vehicle (three years imprisonment) and one count Interstate Transportation of Stolen Property (sentence suspended for five years probation consecutive to Count 1). |
| 7–12–82 | State Conviction (Texas) | Theft over $10,000 (two years imprisonment concurrent to earlier federal conviction). Fisher was charged with stealing a tractor and trailer. |
| 2–8–85 | U.S.D.C. Texas | One count Interstate Transportation of Stolen Merchandise (five years imprisonment). Fisher was charged with stealing a tractor and trailer. |

With the exception of the four-month period on parole from August to December 1978, Fisher has been in custody or a fugitive almost continuously from December 1975 until the present. During that time he has been convicted in four separate federal cases, including this case, for interstate transportation of stolen motor vehicles and property, and in one Texas prosecution for theft over $10,000 which also involved the theft of a semi-tractor trailer rig. He has moreover walked away from two half-way houses, and he has jumped bond once.

Section 3553(a) of Title 18 of the U.S. Code provides in relevant part:

The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The courts in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant....

Sentencing Guideline § 4A1.3 authorizes a departure from the Guideline range when "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Subparts (b) and (e) of this Guideline specifically state that in deciding whether an upward departure from the Guideline is warranted, the district court may consider:

(b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions; [and]

\*　　\*　　\*　　\*　　\*　　\*

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

Explaining its actions, the district court stated:

Now, I have sentenced you above the guidelines. I have done that because I believe your criminal history score does not take into account the nature of your record, your criminal background. It

doesn't take into consideration your earliest conviction because of the fifteen-year rule, and yet there has been a continuous series of convictions. You have been sentenced before on similar offenses for the maximum offense [sic] and you have persisted in committing the offenses again. So I have assessed you a five year term, which is the statutory maximum and which exceeds the guidelines, and I have done that for the reasons I have told you.

From 1978 on, Fisher has been involved with stolen trucks continuously except when he has been in prison or a fugitive from custody. He committed his latest offense while he was a fugitive and less than a month after he had escaped from a halfway house in El Paso, Texas. The Guidelines permit a departure for a defendant with a record so egregious as Fisher's. Considering his record, the sentence imposed by the district court was reasonable. Indeed, the district court was justified in concluding that the only reliable way to keep Fisher from driving stolen trucks is to keep him in prison.

For these reasons, the sentence is AFFIRMED.