**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Esperanza LOPEZ,**
**Defendant–Appellant.**

**No. 88–2962**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1989.

---

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In this Sentencing Guidelines ("Guidelines") case we are confronted with a significant question concerning the appropriateness of departure from the Guidelines. Specifically, we must determine whether it is proper to disregard the Guidelines based upon the finding that a defendant's criminal history score inadequately accounts for her past conduct and propensity to commit future crimes, when the sentencing court instead could have considered increasing the criminal history category by one or more levels to adjust for this situation.

## I.

Defendant Esperanza Lopez pleaded guilty to multiple counts of violating the federal immigration laws as part of a plea bargain under which the government promised not to oppose lenient sentencing by the district judge. Despite prior violations of the immigration laws, defendant scored a zero on her criminal history calculation under the Guidelines, because the sentences for those offenses were imposed more than ten years prior to the commencement of the instant offense. *See* Guidelines § 4A1.2(e)(2). This criminal history score of zero points placed the defendant in criminal history category I, the lowest possible category. In combination with her offense level of 9, the defendant's criminal history category indicated a recommended sentencing range of four to ten months. At the sentencing hearing, the district judge stated that although the criminal history calculation was correct, it nonetheless underrepresented defendant's past criminal behavior and her likely recidivism. He accordingly departed from the Guidelines on this explicit basis, imposing a sentence of two years' imprisonment plus two years' supervised probation and a $50 special assessment.

## II.

There is no question that a sentencing court may sometimes justify its departure from the Guidelines based upon the inadequacy of a defendant's criminal history score. *United States v. De Luna-Trujillo*, 868 F.2d 122, 124 (5th Cir.1989); *United States v. Fisher*, 868 F.2d 128, 129-30 (5th Cir.1989). However, the Guidelines provisions treating adjustments for criminal history indicate that in considering a departure from the Guidelines,

the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with a category IV criminal history, the court should look to the guideline range specified for a defendant with a category IV criminal history to guide its departure.

Guidelines § 4A1.3.

## III.

In this case, we accept, as we should, the district judge's finding that category I does not adequately reflect defen-

dant's criminal history, as that finding is not clearly erroneous and in fact appears entirely correct. *See United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.) (Per Curiam), *on petition for rehearing,* 868 F.2d. 807 (5th Cir.1989). The defendant, in 1977, was convicted twice for conspiracy to import aliens. These convictions were barely outside the ten-year limit of section 4A1.2(e)(2). Thus, the district court was justified in considering that a level of zero was not representative of defendant's true criminal history. Nevertheless, we conclude that the court should not have completely disregarded the Guidelines without further explanation.

 Under section 4A1.3, the judge should have considered the sentencing ranges that would be indicated by raising defendant's criminal history category to II or higher. Instead, he appears to have bypassed the Guidelines altogether. The two-year departure sentence imposed is the maximum shown for a criminal history category of V (the second highest criminal history category). Apparently, there was no consideration of the possible sentences using categories II–IV to adjust for defendant's criminal history.[1] Nor can we conclude, without further explanation from the district court, that this history was so patently outrageous that any such adjustments would be inadequate.

Under the circumstances, the case must be remanded for resentencing. The Guidelines require sentencing courts first to consider upward adjustments of the criminal history category, where a defendant's score appears inadequately to reflect his or her history, before a departure sentence may be justified on this basis. Where this is not done, resentencing is appropriate.

In so holding, we emphasize that in some cases involving defendants with low criminal history scores, it may be justified to impose a sentence reflecting a much higher criminal history category or to go beyond the range corresponding to the highest category VI. However, in such cases the sentencing judge should state definitively that

he or she has considered lesser adjustments of the criminal history category and must provide the reasons why such adjustments are inadequate. Here, we express no view as to the ultimate propriety of the two-year sentence or of any other lesser or greater sentence that may be imposed on resentencing. We remand only to ensure that the appropriate methodology is followed under the Guidelines.

For the above reasons, the sentence is VACATED, and the case is REMANDED for resentencing.

---

**1.** We clarify that the two-year sentence was a departure sentence, not one arrived at using a Category V criminal history. Our reference to the fact that this sentence falls into the range corresponding to that category merely demonstrates the extent to which the sentencing judge adjusted for the inadequate criminal history score when he departed from the Guidelines.