**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Leon RIOS, Defendant–Appellant.**

No. 88–6126
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 12, 1989.

Roland E. Dahlin, III, Federal Public Defender, Marjorie A. Meyers and Felix Recio Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

On September 6, 1988, Jose Leon Rios (Rios) pleaded guilty to a one-count indictment charging him with falsely representing himself as a United States citizen at the Brownsville, Texas, Port of Entry, in violation of 18 U.S.C. § 911. The Presentence Report (PSI) assigned the offense a base level of 6, pursuant to the Sentencing Guidelines. This number was adjusted upward two points for obstruction of justice for a total offense level of 8. The PSI awarded Rios nine criminal history points as follows: three points for a 1984 auto theft conviction; three points for a 1987 conviction under the false representation statute, 18 U.S.C. § 911; two points for committing the instant offense while on parole from the 1987 offense; and one point for committing the instant offense less than two years after release from imprisonment on the 1987 conviction. Rios had other infractions which were not considered, including public intoxication, disorderly conduct, and simple assault. The nine criminal history points placed Rios in criminal history category IV. The recommended sentencing range for a level 8 offense and a criminal history category IV is 10 to 16 months.

The district court departed from the Sentencing Guidelines and sentenced Rios to the statutory maximum, three years imprisonment. In doing so, the district court offered the following explanation:

I am going to comment that the Court departed from the guidelines and exceeded that recommended because of the particulars of your status in this country and your prior history, which certainly does not conform to conduct that the guidelines objectively dealt with. It is very simple. With the millions of people trying to come to this country to earn a livelihood, I think it is just a complete and total departure from the spirit of the great country making itself available to people who are trying to come and earn a decent livelihood here.

Rios objected, stating that the computation of the criminal history category already considered his prior conduct.

■ A sentencing court may, in some cases, justifiably depart from the Sentencing Guidelines based on a determination that the Guidelines do not adequately reflect a defendant's criminal history. *United States v. DeLuna–Trujillo*, 868 F.2d

122, 124 (5th Cir.1989). However, the Guidelines require that the court first consider the effect on the sentence of an upward adjustment of the criminal history category. *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989). With regard to Rios, his offense level of 8 combined with the highest possible criminal history category, VI, draws a maximum sentence of 24 months under the Guidelines. The three-year sentence imposed by the court is fifty percent higher than this maximum. A court may be justified in imposing a sentence beyond the range provided for category VI, but in doing so the sentencing judge must state that he has considered adjustments of the criminal history category but finds them to be inadequate for the reasons provided. *Lopez*, 871 F.2d at 515.

■ The judge's comments suggest that Rios's status as an illegal alien and his cavalier attitude toward United States citizenship requirements influenced the judge in departing from the recommended sentence. Since the offense for which Rios was convicted already takes into account his illegal immigration status, this is not a valid reason for departure. The Guidelines provide for an upward adjustment of two points because Rios had previously been deported. Guidelines § 2L2.2(a). This adjustment, which apparently was not considered by the court, would have raised the offense level to 10. Coupled with a justified increase in criminal history category, that could place the recommended sentence as high as 30 months.

Nothing in the record indicates that this court considered the possible sentences which would result from an adjustment to criminal history category V or VI. Nor did the court provide any explanation why such adjustments, if they were considered, are inadequate in this case. Further, the court incorrectly applied the guidelines with respect to Rios's immigration status. We vacate the sentence and remand for resentencing in compliance with the procedures outlined above.

VACATED AND REMANDED.