No. 88–7503. TAYLOR v. UNITED STATES. C. A. 5th Cir. Certiorari denied.

Opinion of JUSTICE STEVENS respecting the denial of the petition for writ of certiorari.

The question presented by this certiorari petition is whether a district court may disregard the Sentencing Guidelines after finding that a defendant's criminal history score inadequately accounts for past conduct when the court could instead adjust for the inadequacy by increasing the criminal history category one or more levels. In United States v. Lopez, 871 F. 2d 513 (1989), a panel of the Court of Appeals for the Fifth Circuit characterized this issue as "a significant question concerning the appropriateness of departure from the Guidelines," id., at 514, and answered it in the negative. Two days earlier, however, in petitioner's case a different panel of the same court had given a different answer to that

question. Petitioner's panel disposed of his case pursuant to Fifth Circuit Rule 47.5, which permits the Court of Appeals to leave unpublished those "opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law." There is thus a conflict within the Fifth Circuit on both the answer and the importance of the question petitioner presents to us.

Because the petition does not identify any *inter-Circuit* conflict concerning the question presented, and because the answer provided by the Fifth Circuit's published opinion is widely supported, the Court's denial of certiorari today is entirely consistent with rules governing the management of our certiorari docket.* It is unfortunate that the summary disposition of petitioner's case by the Fifth Circuit and this Court may require petitioner to serve an 18-month prison sentence when the Guidelines would specify a range between only 9 and 15 months even if petitioner's criminal history category were increased two full levels. That, however, is the kind of burden that the individual litigant must occasionally bear when efficient management is permitted to displace the careful administration of justice in each case. Perhaps it is not too late for the Court of Appeals to exercise additional care in the administration of justice in this case.

---

*Other Circuits have reached the conclusion endorsed by the *Lopez* panel. See *United States* v. *Jackson,* 883 F. 2d 1007, 1009 (CA11 1989); *United States* v. *Cervantes,* 878 F. 2d 50, 53 (CA2 1989); *United States* v. *Miller,* 874 F. 2d 466, 470–471 (CA7 1989). See also *United States* v. *Joan,* 883 F. 2d 491, 495 (CA6 1989) (incrementally increasing offense level to account for inadequate criminal history when the defendant's criminal history score already placed him in the highest criminal history category).