UNITED STATES of America,
Plaintiff–Appellee,

v.

Houston Warren JONES,
Defendant–Appellant.

No. 89–6240
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 28, 1990.

Donald B. Kelley (Court-appointed), Orange, Tex., for defendant-appellant.

Debra A. Carr, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

The district court departed upwards from the Sentencing Guidelines in its sentencing of Houston Warren Jones. Finding that the trial court did not state adequate reasons for departure consistent with the policies underlying the Guidelines, we vacate the sentences and remand for resentencing.

### Background

Arrested for selling cocaine to an undercover law enforcement officer in exchange for $130 in food stamps, Jones was indicted for distribution of cocaine, 21 U.S.C. § 841(a)(1), and unauthorized acquisition and possession of food stamps, 7 U.S.C. § 2024(b). He pled guilty to both counts in exchange for the government's promise not to prosecute him for forging his deceased mother's signature on social security checks and to stand silent at sentencing. The court accepted his pleas.

At sentencing the court approved and adopted the sentencing calculations in the presentence investigation (PSI) report based on the Sentencing Guidelines. This calculation resulted in a total offense level of 11 and a Criminal History Category of V, establishing a sentencing range of 24 to 30 months imprisonment. Concluding that the Guidelines did not adequately account for Jones' criminal history, the court departed upwards and imposed a ten-year sentence on Count I and a concurrent five-year sentence on Count II. Jones timely appealed.

### Analysis

Jones first attacks his convictions on guilty pleas, maintaining that the court's departure from the Guidelines rendered his guilty pleas involuntary because in deciding to plead guilty, he relied on his attorney's representation that he would be sentenced within the guideline computation. This argument lacks merit. Rule 11(c) of the Federal Rules of Criminal Procedure requires only that the defendant be informed of the maximum prison term and fine for the offense charged. "As long as the [defendant] 'understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" United States v. Rivera, 898 F.2d 442, 447 (5th Cir.1990), quoting Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir.), cert. denied, 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982). The Guidelines make no change in substantive penalties but rather "provide a structure for case analysis so as to minimize disparate sentencing on like facts." Id. The district court is not required to calculate or explain the applicable guideline sentence before accepting a guilty plea, United States v. Fernandez, 877 F.2d 1138 (2d Cir.1989), and erroneous advice of defense counsel as to the guideline sentence does not constitute a violation of Rule 11, United States v. Turner, 881 F.2d 684 (9th Cir.), cert. denied, — U.S. —, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989). Analogously, the court's decision to impose a sentence different than that indicated by the Guide-

lines does not render a guilty plea unknowing or involuntary.

Before accepting the guilty pleas the court informed Jones both of the statutory maximum sentences and its authority to impose a sentence more severe than that indicated by the Guidelines. It then imposed sentences below the statutory maximum for Count I and at the statutory maximum for Count II. We hold that Jones' pleas were knowing and voluntary. His challenges to their validity are rejected.

■ Jones also challenges the adequacy of the court's grounds for departure and the reasonableness of the sentences imposed. Finding the court's explanation of its departure inadequate, we cannot and do not reach the reasonableness issue.

A court may depart from the Guidelines on the basis of aggravating or mitigating circumstances not considered or inadequately considered by the Guidelines, provided that the court states reasons for its departure consistent with the policies underlying the Guidelines and the sentence imposed is reasonable in light of all the circumstances, including the articulated rationale. 18 U.S.C. §§ 3553(b), (c), 3742(e); *United States v. Shaw,* 891 F.2d 528 (5th Cir.1989). Mere disagreement with the guidelines is not an adequate basis. *United States v. Lopez,* 871 F.2d 513 (5th Cir. 1989).

We are cognizant of a tension, if indeed not an inconsistency, between our holdings in *Lopez* (vacating a sentence which was 2.4 times greater than the guideline maximum); *United States v. Harvey,* 897 F.2d 1300 (5th Cir.1990) (upholding a sentence which was 2.5 times greater than the guideline maximum); and *United States v. Landry,* 903 F.2d 334 (5th Cir.1990) (vacating a sentence 3.5 times greater than the guideline maximum). In the instant case the sentence imposed is 4 times greater than the guideline maximum. We opt to follow our oldest (*Lopez* ) and most recent (*Landry* ) decisions, necessarily leaving to

the en banc court the resolution of any inconsistency or conflict.

Guideline § 4A1.3 explicitly authorizes departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Examples include exclusion of convictions from the criminal history score due to staleness, consolidation of sentences for a series of prior offenses, extreme leniency in sentencing for a prior serious offense for, *inter alia,* cooperation in the prosecution of other defendants, similarity of past offenses to the current offense, and continued criminal activity while free on bail. Guideline § 4A1.3; *United States v. Sanchez,* 893 F.2d 679 (5th Cir.1990); *United States v. Geiger,* 891 F.2d 512 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1825, 108 L.Ed.2d 954 (1990); *United States v. Lopez; United States v. Fisher,* 868 F.2d 128 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 111, 107 L.Ed.2d 73 (1989).

Relevant to departure, Guideline § 4A1.3 provides:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's' criminal history most closely resembles that of most defendants with a Category IV criminal history, the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure. The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history[1] is not adequate to reflect the

---

**1.** Criminal History Category VI is the highest guidelines category and applies to defendants with 13 or more criminal history points.

seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.

In explaining the basis of and reason for its departure the district court stated:

> The Court is going to depart in this case, because in looking at the Presentence Report, it appears that the Defendant has been involved in 1970 [in] a burglary case in Orange County; 1972, robbery by assault; burglary in Harris County; in 1975, a misdemeanor theft case, Orange County; January 1977, burglary, Harris County; 1980, felony theft, District Court Orange County, Texas; and then there was the theft of an air-conditioning unit from a window of a private residence, but that was evidently worked out in some way.[2]
>
> And also that the Defendant was recently involved in the cashing of Social Security Administration checks made out to your dead mother.
>
> .     .     .     .     .
>
> The sentence above the guideline range is necessary in order to appropriately address the sentencing objectives of punishment, general deterrent, and the protection of the community. It is the opinion of the Court that the Defendant's criminal history significantly under-represents the likelihood he will commit additional crimes. Further, the Court feels that the Guidelines do not give sufficient weight to the defendant's prior felony conviction, or prior convictions, and the Court feels these are aggravating factors not adequately considered by the Sentencing Commission, and unless there is some punishment here that's in line with what you have done, you will continue to commit additional crimes.

Now, I think it is time for you to stop violating the law, and all you have to do is look at your prior record to see that up to this point nobody has reined you in to stop you from doing this. So that is the reason why the Court is departing in this instance.

The court's explanation for departing from the scheme of the guidelines does not comport with the statutory and guideline requisites. The court bypassed Criminal History Category VI,[3] one step above Jones' category of V, but did not state its reasons for doing so. More fundamentally, it did not specify why Criminal History Category V was inadequate. The criminal history scoring mechanism adopted by the Guidelines is designed to account for the likelihood of recidivism as reflected in a defendant's criminal past. A recital of past convictions followed by the statement that the Guidelines do not adequately reflect this history or deter recidivism, as here, amounts to little more than an expression of personal disagreement with the Guidelines. The court must take the additional step of identifying those specific aspects of the defendant's criminal history not adequately considered by the Guidelines.[4]

The convictions are AFFIRMED. For lack of an acceptable explanation of the basis for the departure from the Sentencing Guidelines, the sentences are VACATED and the case is REMANDED for resentencing.

GARWOOD, Circuit Judge, concurring:

I concur, but I think we should take this case en banc to resolve the conflict between *United States v. Lopez*, 871 F.2d 513 (5th Cir.1989), and *United States v. Harvey*, 897 F.2d 1300 (5th Cir.1990). *See also United States v. Landry*, 903 F.2d 334 (5th Cir.1990). This is a frequently recurring

---

2. The PSI report reflects that the 1980 felony conviction was for the theft of an air-conditioning unit. The court erred in treating this offense as two separate felonies.

3. The applicable *guideline sentencing range* would have been 27–33 months had the court used Criminal History Category VI to guide its departure.

4. An example is the exclusion from Jones' criminal history score of two prior convictions for which sentences were imposed more than ten years before commencement of the instant offense.

issue on which we need a clear, workable rule.