989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jackie Lee BROWN, Defendant-Appellant.
 No. 92-5675.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 17, 1993
Decided: March 31, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-92-33-NN)
 Jon M. Babineau, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Alan M. Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jackie Lee Brown was charged with five counts of wire fraud (18 U.S.C.A. § 1343 (West Supp. 1992)), and entered a guilty plea to one count. He challenges the sentence imposed on the grounds that the district court erred in departing upward from the guideline range and in denying him a reduction for acceptance of responsibility. We affirm.
 
 
 2
 Brown defrauded a number of publishers of vocational and technical bookstores by ordering books for classes he was supposedly teaching, then selling the books to college bookstores as used books. He carried on this scheme in California for six months, then moved to Virginia where he continued it briefly until his arrest in January 1992. He was convicted in state court in California and sentenced to three years imprisonment before he entered his guilty plea in federal court in Virginia.
 
 
 3
 Brown had a history of grand theft convictions as well as convictions for attempted second degree burglary, bad checks, theft by taking, escape, and driving under the influence. For all of these, he had received probationary sentences and in almost every case he had failed to report or otherwise failed to comply with the conditions of probation. In spite of his failure to comply, state courts in California and Colorado had reinstated his probation after imposing minimal terms of imprisonment. In all, Brown had served only nine months in prison. He had absconded from probation entirely several times, and had an outstanding warrant against him for violation of probation.
 
 
 4
 The probation officer advised the district court that Brown's offense level was fourteen, his criminal history category was V, and his guideline range was thirty-three to forty-one months; pursuant to guideline section 5G1.3,* Brown's federal sentence would run concurrently with his state sentence. The probation officer suggested that the district court might want to consider a departure for inadequate criminal history. U.S.S.G. § 4A1.3.
 
 
 5
 Ultimately, the district court did depart upward to the statutory maximum of sixty months. The court did not characterize this as a departure under section 4A1.3, but instead based it on Brown's "utter disregard" for the conditions imposed on him previously in lieu of a prison sentence, his continued criminal conduct, and the high likelihood that he would commit more crimes upon his release.
 
 
 6
 The court found that Brown had not accepted responsibility for the offense because Brown had denied any guilt in his interview with the probation officer, telling her that the classes he intended to teach were canceled, and that he had intended to pay the book suppliers. This finding was not clearly erroneous. Brown failed to acknowledge his criminal conduct and demonstrate that he took personal responsibility for it. U.S.S.G. § 3E1.1.
 
 
 7
 We review departures for reasonableness under the test set out in United States v. Summers, 893 F.2d 63 (4th Cir. 1990). We find, first, that the district court did not err in its determination that a repeated negative response to lenient treatment, such as repeated failure to complete probation successfully, can be a reason for departure. See United States v. Perkins, 929 F.2d 436, 438 (8th Cir. 1991); United States v. Roberson, 872 F.2d 597, 606 n.8 (5th Cir.), cert. denied, 493 U.S. 861 (1989); United States v. Fisher, 868 F.2d 128 (5th Cir.), cert. denied, 493 U.S. 834 (1989). Brown's conduct was certainly of this type. In view of the number of Brown's prior convictions and the short amount of time he had served overall, the departure from fortyone months, the top of the guideline range, to sixty months was not an abuse of discretion.
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991). Brown was sentenced in September 1992