# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

Lyle W. Cayce
Clerk

No. 10-10118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAZARO FERNANDO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-267-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lazaro Fernando Rodriguez pleaded guilty to conspiring to possess with intent to distribute more than five kilograms of cocaine. He was sentenced to 292 months in prison. Rodriguez contends that his guilty plea was involuntary because he lacked a sufficient understanding of the extent of his liability for the entire amount of cocaine involved in the drug trafficking conspiracy. Specifically, he asserts that he mistakenly believed that his sentencing exposure was limited to the three kilograms of cocaine that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessed personally -- not the 150 kilograms seized from his coconspirators -- and therefore did not voluntarily plead guilty to the conspiracy count. The government moves for summary affirmance.

When a defendant pleads guilty to a criminal charge, he waives several constitutional rights. The record of the guilty plea hearing must affirmatively reflect that the plea is knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Under Rule 11(b)(1) of the Federal Rules of Criminal Procedure, the defendant need be informed only of the maximum prison term and fine for the offense charged. *United States v. Jones*, 905 F.2d 867, 868 (5th Cir. 1990). The district court is not required to calculate or explain the applicable guideline sentence before accepting a guilty plea. *Id.* Neither is the court required to advise a defendant of the exact punishment that he will receive prior to accepting an otherwise valid guilty plea. *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991).

The district court complied with Rule 11 by ensuring that Rodriguez was aware that the maximum term of imprisonment he could receive for the offense of conviction was life. *See Jones*, 905 F.2d at 868. As Rodriguez was aware of the maximum term of imprisonment, the district court's failure to inform him specifically that he could be held accountable for the drug quantities attributable to his coconspirators did not render the plea involuntary. *See Smallwood*, 920 F.2d at 1239. The government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The parties' joint motion to receive the sealed record is GRANTED. The government's alternative motions to dismiss the appeal and for an extension of time to file a brief are DENIED as moot.