# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10828
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

WILLIAM J. LUCK, II,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:12-CR-33-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Luck, II, pleaded guilty of failing to file IRS Form 8300 as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required to report a cash transaction in excess of $10,000 and was sentenced within the guideline range to 37 months in prison. The offense-level calculation included other transactions as relevant conduct, resulting in a value of funds totaling $474,714.93 and raising the offense level from 6 to 20. Luck appeals, claiming for the first time that he was not advised that relevant conduct would be used to determine his offense level; thus, he reasons, his guilty plea was not knowing.

The government moves to dismiss the appeal or for summary affirmance on the basis that Luck waived the right to appeal. The government's reliance on the waiver is misplaced, however: A waiver does not operate to bar a claim that a waiver or the plea agreement in which it is set forth was unknowing or involuntary. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012).

Nevertheless, we agree with the government that Luck's challenge to the knowing nature of his plea is without merit even if we apply the ordinary *de novo* standard, *see United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007), rather than plain-error review, *see, e.g., United States v. Butler*, 637 F.3d 519, 521 (5th Cir. 2011). As Luck acknowledges, a defendant understands the consequences of his plea if he understands the maximum prison term and fine he faces. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *United States v. Jones*, 905 F.2d 867, 868-69 (5th Cir. 1990). As long as he knows "the length of time he might possibly receive, he [is] fully aware of his plea's consequences." *Jones*, 905 F.2d at 868 (internal quotation marks and citation omitted).

Luck understood the maximum prison term of five years. Further, he acknowledged that the probation officer could consider facts other than those in the factual resume; that Luck could not rely on any estimates or predictions

by anyone regarding his sentence; and that the sentence would be in the sole discretion of the court.  Therefore, the plea was knowing.  *See Jones*, 905 F.2d at 868-69; *see also United States v. Smallwood*, 920 F.2d 1231, 1239 (5th Cir. 1991) (rejecting a similar challenge to a plea).  Luck's contention that we should order briefing to determine whether to revisit our precedent is unavailing:  It is "a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010) (internal quotation marks and citation omitted), *aff'd on other grounds*, 132 S. Ct. 1463 (2012).

The motion for summary affirmance is GRANTED.  The government's alternate motion to dismiss or for an extension of time to file its brief is DENIED.  The judgment is AFFIRMED.