# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40950
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO BARAJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-984-1

Before WIENER, OWEN, AND HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Luis Alberto Barajas appeals his 120-month sentence for being a felon in possession of a firearm. He first argues that the district court clearly erred by relying on the testimony of Jamie Salas and Lupita Villegas in applying three sentencing enhancements under U.S.S.G. §§ 2K2.1(b)(1), (b)(5), and (b)(6). The district court was in the best position to judge the credibility of Salas and Villegas. *See United States v. Gibbs*, 421 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

352, 357 (5th Cir. 2005). There is ample evidence in the record, including photographs and text messages, that the § 2K2.1(b)(1) enhancement was appropriate based on Barajas's possession of nine firearms. There is likewise ample evidence in the record to support the enhancements under §§ 2K2.1(b)(5) and (b)(6). This includes (1) the testimony of Salas, Villegas, and ATF Agent Andres Rivas; (2) Barajas's own statements to ATF; and (3) the recovery of four of the firearms purchased from Mexico. It was not clear error to apply the three sentencing enhancements.

Barajas next claims that the district court plainly erred when it accepted his plea, alleging that he did not have a full understanding of the plea and its consequences. As long as Barajas understood the amount of time that he could receive, he was fully aware of the consequences of his plea. *See United States v. Jones*, 905 F.2d 867, 868 (5th Cir. 1990). Barajas knew that he faced a maximum sentence of ten years, and he responded "yes" when the district court asked if his attorney had explained the guidelines and how they would be used to determine his sentence. Barajas has not demonstrated a breach of the oral plea agreement, identifying nothing in the record to indicate that the government brought additional charges or sought to increase his sentence based on relevant conduct. Thus, Barajas has not shown error.

The judgment of the district court is, in all respects, AFFIRMED.