# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30369
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Joseph Gant,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-48-5

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Robert Joseph Gant and 14 other individuals were named in a 36-count third superseding indictment charging them with numerous controlled substance offenses and numerous money laundering offenses. Gant entered into a plea agreement to plead guilty to count one in exchange for dismissal

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of the remaining counts.  The district court sentenced Gant to 210 months in prison and five years of supervised release.

Gant argues that his guilty plea was not knowing and voluntary because he thought that he would not be held responsible for any narcotics that were not part of the conspiracy to distribute heroin and fentanyl.  A defendant understands the consequences of his plea if he understands the maximum prison term and fine he faces. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *United States v. Jones*, 905 F.2d 867, 868-69 (5th Cir. 1990).  The transcript of rearraignment shows that Gant was informed of the elements of conspiracy to distribute heroin and fentanyl and understood the elements.  The district court informed Gant that he was subject to a minimum of 10 years in prison, a maximum of life in prison, a minimum fine of $10,000,000, a minimum term of five years of supervised release, and a $100 special assessment.  Gant stated in open court that he understood the potential penalties for his offense.  Gant's guilty plea was knowing and voluntary. *See Jones*, 905 F.2d at 868.

Gant argues that the district court clearly erred in finding that he was responsible for the drugs found in Cedric Sinegal's stash house and transport vehicles.  As Gant preserved his challenge, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016).  In determining a defendant's base offense level, "the district court may consider other offenses in addition to the acts underlying the offense of conviction, as long as those offenses constitute 'relevant conduct' as defined in the Guidelines." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009).  The stipulated factual basis for his plea and the offense conduct section of the presentence report (PSR) show that Sinegal was Gant's supplier, that Sinegal traveled to Mexico and California to arrange for payment and importation of the drugs through California, and that Gant and Sinegal

discussed the nature and the delivery of the drugs after Sinegal returned from California. Sinegal had transport vehicles to bring the drugs from California to his stash house. Given that these facts were contained in the stipulated factual basis for his guilty plea, Gant's argument that he could not have reasonably foreseen the scope of Sinegal's activities must fail. *See United States v. Betancourt*, 422 F.3d 240, 246-48 (5th Cir. 2005).

Finally, Gant argues that the district court erred by imposing a two-level enhancement for the importation of the methamphetamine under U.S.S.G. § 2D1.1(b)(5)(A). The importation enhancement applies regardless whether the defendant or his supplier imported the drugs. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). It likewise applies "even if the defendant did not know that the methamphetamine was imported." *United States v. Serfass*, 684 F.3d 548, 554 (5th Cir. 2012). The district court's conclusion that an offense involved imported methamphetamine is a factual finding reviewed for clear error. *United States v. Brune*, 991 F.3d 652, 667 (5th Cir. 2021). As discussed above, Sinegal, Gant's source, was importing the methamphetamine from Mexico to California. The district court's finding of importation is plausible in the light of the record as a whole. *See Brune*, 991 F.3d at 667.

AFFIRMED.