UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro CANTU–DOMINGUEZ,
Defendant–Appellant.

No. 89–2346
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 6, 1990.

Juan Jose Martinez, Brownsville, Tex. (Court-appointed), for defendant-appellant.

Kathlyn Giannuala, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Paula C. Offenhauser, Asst. U.S. Atty., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

The district court determined that the sentencing guidelines did not adequately reflect the seriousness of Pedro Cantu-Dominguez' criminal history. Accordingly, the court departed from the sentencing range set forth in the guidelines and sentenced Cantu–Dominguez to a term of imprisonment 7 months greater than the maximum sentence in the applicable range. Cantu–Dominguez appeals the court's upward departure. We vacate and remand for resentencing.

## I.

Cantu–Dominguez pleaded guilty to a charge that he possessed with the intent to distribute approximately 157 pounds of marijuana. Under the sentencing guidelines, the base offense level for this offense was 22. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(11), at 2.43 (Nov. 1989) [hereinafter *Guidelines Manual*]. The base offense level was reduced by 2 as a result of Cantu–Dominguez' acceptance of responsibility, *see id.* § 3E1.1(a), at 3.23, fixing a total offense level of 20.

The presentence report indicated that Cantu–Dominguez had been convicted in 1985 of driving while intoxicated. As was required by the sentencing guidelines, Cantu–Dominguez was assigned 1 criminal history point for this conviction. The presentence report indicated that Cantu–Dominguez had no other previous convictions, and the criminal history calculation placed him in criminal history category I. The sentencing range, for a person in criminal history category I with a total offense level of 20, is 33 to 41 months. *See id.* at 5.2 (Sentencing Table). The district court assessed a sentence of 48 months.

The presentence report contained information about a number of previous arrests that did not result in convictions and thus could not be considered in the criminal history calculation. In May of 1979 Cantu–Dominguez was arrested for stealing car batteries and was charged with burglary of a vehicle. The charges subsequently were

dismissed due to insufficient evidence. In July of 1979 Cantu–Dominguez was arrested for driving while intoxicated, and a breath test indicated he had a blood alcohol content of .1 percent. The driving while intoxicated charge eventually was dismissed, but Cantu–Dominguez was charged with improper parking and fined $50. In December of 1980 Cantu–Dominguez was charged with rape of a child. The case was dismissed because of insufficient evidence. In November of 1985 Cantu–Dominguez was charged with possession with the intent to distribute marijuana. According to the presentence report, Cameron County Sheriff's deputies searched a vehicle in which Cantu–Dominguez and another had been travelling and found over 3 pounds of marijuana. The charge subsequently was dismissed, apparently because the legality of the search was questionable.[1]

During the sentencing hearing, Cantu–Dominguez, in response to questions from the court, stated that he had in fact been charged with each of these offenses and that the charges in each case had been dismissed. Cantu–Dominguez did not indicate that he was guilty of the offenses, and the court explicitly declined to make such a finding, stating: "I am not taking any of these as things that you did, but I am just looking at those for which you have not been convicted just as referrals." Nevertheless, the court concluded that the history of arrests justified an upward departure. The court explained its reasoning as follows:

> I look back in the situation and I am just wondering what you are trying to do with your life. That's what I am asking. What is it you are trying to do? You are tantalizing the system, tantalizing the system. It kind of caught up with you. And I wish it hadn't, but it did. Anyway, I don't think the sentencing guidelines properly address your criminal history. When I say criminal history, I am not looking at it as convictions. I am looking at it as referrals. You understand that. For which reasons I am going to commit

you to the custody of the Attorney General for a period of 48 months for the reasons aforegiven.

## II.

The sentencing guidelines provide that a departure from the applicable sentencing range may be appropriate when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *Guidelines Manual, supra,* § 4A1.3, at 4.9; *see United States v. Geiger,* 891 F.2d 512, 514 (5th Cir.1990); *United States v. Rivera,* 879 F.2d 1247, 1255 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989); *United States v. Roberson,* 872 F.2d 597, 606 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). In departing from the guidelines in a particular case, "the judge must offer reasons explaining why the departure is justified in terms of the policies underlying the sentencing guidelines." *United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

Not all evidence concerning a defendant's criminal history is appropriately considered in departure decisions. The guidelines require that information be reliable, and they set forth nonexclusive categories of information a court may consider. After reviewing all of the relevant information, a court may "conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines. *However, a prior arrest record itself shall not be considered under § 4A1.3.*" *Guidelines Manual, supra,* § 4A1.3, at 4.9 (emphasis added).

In the present case, the district court stated specifically that it did not find

---

**1.** The presentence report also indicated that in June of 1982 Cantu–Dominguez was charged with rape. A jury found him not guilty of that offense. The district court stated that it would not consider that charge in its sentencing decision.

that Cantu–Dominguez had committed the various offenses for which he had been arrested. The court thus was left with nothing but a history of arrests that did not result in convictions. This is not the type of "reliable information" that justifies a departure from the applicable sentencing range. Indeed, the guidelines explicitly reject reliance on a prior arrest record alone as a basis for an upward departure. The district court's reasoning in this case did not justify its decision not to sentence within the applicable range.

We note that as a result of the 7 month departure in this case, Cantu–Dominguez received a sentence that is appropriate for a person in criminal history category III. *See id.* at 5.2 (Sentencing Table). In departing from the category I range, the district court did not explain why a sentence using criminal history category II, with a sentencing range of 37 to 46 months, *see id.*, would have been inadequate. We have held that "in some cases involving defendants with low criminal history scores, it may be justified to impose a sentence reflecting a much higher criminal history category." *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989). "However, in such cases the sentencing judge should state definitively that he or she has considered lesser adjustments of the criminal history category and must provide the reasons why such adjustments are inadequate." *Id.* If on remand the district court again determines that an upward departure and a 48 month (or greater) sentence is appropriate, it must explain both the justification for a departure from category I and why a sentence within the category II range would be inadequate.

The sentence is VACATED and this case is REMANDED to the district court for resentencing.