IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30914
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN HAMILTON, JR.,

Defendant-
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-23-ALL-A
_____

March 16, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Melvin Hamilton, Jr., appeals the upward departure sentence imposed following his plea of guilty to possession of a firearm by a convicted felon. Hamilton argues that the statement in the presentence report (PSR) that the information contained in the PSR was supported by reliable information did not constitute reliable information as required by the Sentencing Guidelines. Hamilton also argues that it was inappropriate for the court to rely upon his juvenile arrests.

An upward departure is normally reviewed for an abuse of discretion. United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). Hamilton, however, failed to object to or contradict the PSR's notation of factors that might warrant an upward departure or object at the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing hearing raising the issue he now argues.  The upward departure is therefore reviewable only for plain error.  United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).

Hamilton's PSR contained a brief description of each arrest.  Hamilton offered no rebuttal evidence to refute the information in the PSR.  Accordingly, the sentencing court was free to adopt that information as its findings without further inquiry or explanation.  United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).  Furthermore, Hamilton has not shown that the criminal history at issue in United States v. Cantu-Dominguez, 898 F.2d 968 (5th Cir. 1990), is so similar to the juvenile court record in the instant case that an error, if any, is "clear or obvious."  McDowell, 109 F.3d at 216.

Hamilton has not shown that the district court's decision to depart upward was plain error.  Accordingly, the judgment of the district court is AFFIRMED.