**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-30546

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FRANK H. BETHLEY,
*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CR-159-ALL-C)

_____

October 17, 2000

Before BARKSDALE and BENAVIDES, Circuit Judges, and VELA[1], District Judge.

PER CURIAM:[2]

Frank H. Bethley appeals the federal district court's use of two arrests for which he was

not convicted as grounds for a two level upward departure in his offense level.  For the reasons

stated below, we vacate the sentence and remand for re-sentencing.

**1.      Factual and Procedural Background**

On September 23, 1998, the Baton Rouge Police Department arrested Frank H. Bethley

_____

[1]District Judge of the Southern District of Texas, sitting by designation.

[2]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(hereinafter "Bethley") for purchasing approximately ten pounds of marijuana during a controlled operation by narcotics agents.[3] On October 27, 1998, a federal grand jury indicted Bethley on one count of violating 21 U.S.C. § 841(a)(1), knowingly possessing marijuana with the intent to distribute. On January 19, 1999, Bethley pled guilty to one felony count of violating 21 U.S.C. § 841(a)(1). Per 21 U.S.C. § 841, Bethley was subject to a maximum of 60 months incarceration. The federal district court ordered a presentence report and held a sentencing hearing.

The federal district court found that Bethley was older than 18 years old when he committed the instant offense, that the instant offense was a controlled substance offense, and that Bethley had previously been convicted of possession of pentazocine with the intent to distribute and possession of cocaine with the intent to distribute. Appropriately, the federal district court found that Bethley was a career offender, as defined in U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (1998). Bethley's initial criminal history category was Category VI, and his initial offense level was 17 because the instant offense's maximum incarceration period was 60 months. The federal district court appropriately decreased Bethley's offense level by three levels because of his timely acceptance of responsibility. It then made a two level upward departure to Bethley's offense level because the federal district court felt that the sentencing guidelines failed to take into account two arrests for which Bethley was not convicted.[4] After the two level upward departure,

---

[3]At the time of this arrest, Bethley was serving the home confinement portion of a sentence for possession of cocaine with the intent to distribute.

[4]On May 24, 1990, the Baton Rouge Police Department pursuant to a search warrant searched Bethley's residence. Bethley was not there at the time of the search. The police found a small bag of cocaine in a bedroom, $1,200 cash in Bethley's mother's purse and a .45 caliber automatic pistol. The police arrested Bethley for possession of cocaine. Bethley told the police that his mother was not involved and that they had found the cocaine in his bedroom. On June 19, 1991, this charge was dismissed. The record does not indicate the reason for the dismissal.

Bethley's offense level was 16. With a criminal history category of VI and an offense level of 16, Bethley's sentencing range was 46-57 months. On May 12, 1999, the federal district court sentenced Bethley to the maximum sentence within the sentencing range, a term of 57 months. On May 18, 1999, Bethley filed his notice of appeal.

**2.      Discussion**

Bethley argues that the federal district court erred in its application of the sentencing guidelines when it made a two level upward departure in his offense level based on two arrests for which he was not convicted. We hold that the federal district court erred in its application of the sentencing guidelines.[5]

We review a federal district court's factual findings, used in sentencing, for clear error. *See United States v. Griffith,* 118 F.3d 318, 326 (5th Cir. 1997). We review a federal district court's application of the sentencing guidelines *de novo,* applying the same standard of review as would the district court. *See United States v. Stevenson,* 126 F.3d 662, 664 (5th Cir. 1997). A federal district "court's use of an invalid departure ground is an incorrect application of the guidelines." *Williams v. United States,* 503 U.S. 193, 200, 112 S.Ct. 112, 117 L. Ed. 2d 341

---

On June 29, 1990, the Baton Rouge Police Department arrested Bethley for possession of marijuana. The police observed Bethley drop a small clear plastic bag which allegedly contained marijuana. On June 26, 1991, this charge was dismissed because Bethley pled guilty in federal court to possession of cocaine with the intent to distribute. Bethley was incarcerated for this offense when he committed the instant offense.

[5]Because of the disposition of this case, it is not necessary to reach Bethley's contention that the federal district court erred when it failed to state for the record that it considered a one level departure in the offense level before it considered a two level departure.

(1992).[6]

The federal district court based its two level upward departure solely on Bethley's two unadjudicated arrests.[7] A federal district court's factual findings, used in sentencing, must be supported by a preponderance of the evidence. *See Griffith,* 118 F.3d at 326. The federal district court failed to expressly find by a preponderance of the evidence that Bethley committed either

---

[6]We generally review a federal district court's decision to depart from the guidelines for an abuse of discretion. *See United States v. Mel Alford,* 142 F.3d 825, 830 (5th Cir. 1998). However, Bethley does not appeal the decision to depart from the guidelines. He appeals the use of two arrests for which he was not convicted as grounds for the departure. Bethley appeals the federal district court's application of the sentencing guidelines. Accordingly, *de novo* review is appropriate.

[7]When the federal district court sentenced Bethley it stated in pertinent part:

> The information in the presentence report indicates that a search of your residence resulted in the recovery of a bag of cocaine from your bedroom, $1,200 in cash, [and] a .45 automatic pistol. You acknowledge that it was your room, that your mother was not involved, and you were arrested on that charge.
> In June of 1991, that charge was dismissed. No reason for the dismissal is given, but the court does not feel, given the circumstances that are indicated in this report, that the dismissal was based on your innocence of the conduct of the charge involved in the arrest.
> Subsequent to that, on June 29, 1990, you were arrested for possession of marijuana, second offense. The state charges in that offense were dismissed after you entered a guilty plea in federal court, and I think that was the cocaine charge that resulted in the sentence you were serving when you committed this offense.
> The court does not feel that the guidelines adequately accounted for this conduct, although the other offenses that you were convicted of are taken into account in the guidelines calculations.
> Under the guidelines, you had a total offense level of fourteen and a criminal history category of VI. Because the court does not feel that the prior conduct was adequately accounted for in the guidelines, the court feels that a two-level upward departure is warranted, which would take your total offense level to 16, with a criminal history category of VI.

the May 24, 1990 or the June 29, 1990 offense. When sentencing a defendant, a federal district court's failure to expressly find by a preponderance of the evidence that a defendant committed an unconvicted offense, upon which it bases an upward departure in the offense level, is clear error. *Cf. id.* (factual findings used in sentencing need only be supported by a preponderance of the evidence and challenges to such findings are reviewed for clear error).

Accordingly, a court is "left with nothing but a history of arrests that did not result in convictions." *See United States v. Cantu-Dominguez,* 898 F.2d 968, 971 (5th Cir. 1990). A court incorrectly applies the sentencing guidelines when it departs from the applicable offense level based on a factor expressly rejected as an invalid ground for departure. *See Williams,* 503 U.S. at 200. A record of an arrest without a conviction by itself is an invalid ground for an upward departure from the otherwise applicable offense level. *See Cantu-Dominguez,* 898 F.2d at 970; U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 (1998). Therefore, the two level upward departure in Bethley's offense level based on two arrests for which he was not convicted was inappropriate. *See Cantu-Dominguez, id.* at 971.

## 3.    Conclusion

Based on the foregoing, the sentence is VACATED and this case is REMANDED to the federal district court for re-sentencing.