IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30215
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANK H. BETHLEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(98-CR-159-ALL-C)
--------------------
August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Frank H. Bethley appeals his sentence, specifically complaining of a two-level upward departure in his offense level based on two arrests for which he was not convicted. We previously vacated Bethley's sentence and remanded the case for resentencing, holding that the departure was improper because the district court failed to find Bethley guilty of the unadjudicated offenses by a preponderance of the evidence. United States v. Bethley, No. 99-30546 (5th Cir. Oct. 17, 2000). On remand, the district court reimposed the same upward departure after finding by

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a preponderance of the evidence that Bethley had committed the offenses. On appeal, Bethley asserts that the district court relied on an improper basis to depart from the applicable Sentencing Guideline range because it relied only on the pre-sentence report (PSR) to determine the facts regarding the underlying offenses. Generally, a PSR bears sufficient indicia of reliability to be considered as evidence at sentencing. United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998). We have never stated that the report cannot be used for determining the guilt of an individual who was arrested but not convicted. See United States v. Cantu-Dominguez, 898 F.2d 968, 970-71 (5th Cir. 1990).

Bethley also contends that the district court improperly concluded that the charges were dismissed after he pleaded guilty to an offense in federal court, because he actually was convicted by a jury of the federal charges. Bethley failed to object to this factual finding in the district court, so we review it for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Bethley cannot show that any error by the district court in its determination of the disposition of the prior federal proceeding affected his substantial rights. The sentence imposed by the district court is
AFFIRMED.