United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30565
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSEPH ALEXANDER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-315-L
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Joseph Alexander appeals his concurrent 120-month sentences following his plea of guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Alexander contends that the district court erred in departing upward from a guideline sentencing range of 41 to 51 months.  Because Alexander's sentences should be affirmed under any standard of review, his motion to stay this appeal is denied.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander argues that the fact that he was convicted of two offenses did not support the district court's upward departure. The record supports the district court's findings that Alexander's offenses were atypically serious and were not adequately taken into account by the sentencing guidelines. Alexander does not contest the district court's finding that threatening letters he had written also reflected that his criminal history category significantly under-represented the seriousness of his criminal history.

Arguably, the district court did impermissibly base the departure, in part, on Alexander's prior firearm-related arrests that did not result in conviction. See United States v. Cantu-Dominguez, 898 F.2d 968, 970-71 (5th Cir. 1990). However, the district court's remaining reasons were valid and sufficient to support its upward departure. See Williams v. United States, 503 U.S. 193, 203-04 (1992). Moreover, the extent of the departure was reasonable. See United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir. 1995); United States v. Ashburn, 38 F.3d 807, 809 (5th Cir. 1994) (en banc).

MOTION TO STAY APPEAL DENIED; JUDGMENT AFFIRMED.