United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10741
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABELARDO GONZALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CR-11-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abelardo Gonzales appeals the 120-month sentence imposed after his guilty-plea conviction of being a felon in possession of a firearm. The district court upwardly departed to 120 months' imprisonment from Gonzales's guideline range of 70 to 87 months based on its finding that the top of the guideline range under-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

represented the seriousness of Gonzales's criminal history or the likelihood he would commit further crimes.  Gonzales argues that the district court reversibly erred (1) by upwardly departing after considering his (a) arrests that did not result in convictions, (b) remote convictions, and (c) convictions that were used to determine his criminal history category; (2) by failing to comply with U.S.S.G. § 4A1.3(a)(4) when it determined the extent of the departure; and (3) in deciding to depart based on facts not admitted by Gonzales or found by a jury.

After United States v. Booker, 543 U.S. 220 (2005), we continue to review the interpretation and application of guidelines de novo.  United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005) (per curiam).  The district court's decision to depart upward and the extent of the departure are reviewed for abuse of discretion. United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005), cert. denied, 2005 U.S. LEXIS 9136 (U.S. Dec. 5, 2005).

"If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of a defendant's criminal history or the likelihood that the defendant may commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1).  "However, a prior arrest record itself shall not be considered under [§ 4A1.3]."  § 4A1.3; see United States v. Cantu-Dominguez, 898 F.2d 968, 971 (5th Cir. 1990).  A sentencing court incorrectly applies the guidelines where it bases a departure on an impermissible factor such as the defen-

dant's prior arrest record.  <u>Williams v. United States</u>, 503 U.S. 193, 199-200 (1992).  The government has the burden of showing on appeal "that the district court would have imposed the same sentence absent the erroneous factor."  <u>Id.</u> at 203.

The government has not argued and has thus failed to show that, absent consideration of Gonzales's arrests that did not result in convictions, the court would have imposed the same sentence.  Accordingly, we VACATE the sentence and REMAND for resentencing.  Consequently, we do not address Gonzales's remaining claims of <u>Booker</u> error or error under the guidelines.  <u>See</u> <u>United States v. Southerland</u>, 405 F.3d 263, 270 (5th Cir. 2005).

VACATED AND REMANDED.