# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-20341
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL CASTRO, also known as Miguel Mejia-Murcia, also known as
Demente, also known as Miguel Castro-Mejia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-342-1

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Castro was convicted of one charge of possession of a firearm
by an illegal alien and was sentenced to serve 60 months in prison. Castro
appeals his conviction and sentence. He first argues that his sentence, which
exceeds the advisory guidelines range, is improper because the district court
committed procedural errors at sentencing and because the sentence imposed is
unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to properly calculate and consider the Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a), when fashioning a sentence. United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). When reviewing a sentence, we typically consider whether the district court committed procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007). However, because Castro did not raise these specific claims of error in the district court, review is for plain error only. See United States v. Hernandez-Martinez, 485 F.3d 270, 273 (5th Cir.), cert. denied, 128 S.Ct. 325 (2007).

Castro first contends that the district court erred and improperly calculated the pertinent guidelines range by denying him an adjustment for acceptance of responsibility. A review of the entire record shows that the district court's denial of the sentencing adjustment for acceptance of responsibility was firmly grounded in its credibility determination and is "plausible in light of the record taken as a whole." See United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996); United States v. Alaniz-Alaniz, 38 F.3d 788, 790 n.3 (5th Cir. 1994). Consequently, this decision was not erroneous. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002); see also Hernandez-Martinez, 485 F.3d at 273.

Castro also argues that the district court's decision to impose a sentence greater than that recommended by the Guidelines was erroneously based on his prior arrest. Our review of the record shows refutes this argument. The district court's extensive reasons for judgment show that its choice of sentence was based on Castro's history and characteristics, the nature and circumstances of his offense, the need to promote respect for the law, and the need to protect the public. These are proper factors for a court to consider when imposing sentence. See 18 U.S.C. § 3553(a). Further, there is no indication that the district court's

decision to depart was based on Castro's "prior arrest record itself."  See United States v. Cantu-Dominguez, 898 F.2d 968, 970 (5th Cir. 1990).

Castro's contention that the district court failed to properly consider the guidelines is refuted by the record.  Castro has shown no error, plain or otherwise, in connection with his sentence.  To the contrary, the district court committed no procedural error at sentencing, and the sentence imposed is substantively reasonable.  See Gall, 128 S. Ct. at 594.

Castro's remaining claims similarly lack merit.  Castro's argument that the district court erred by not providing him with advance notice of its intent to impose a nonguidelines sentence is, as he concedes, foreclosed. See United States v. Mejia-Huerta, 480 F.3d 713, 722-23 (5th Cir. 2007), petition for cert. filed (April 18, 2007) (No. 06-1381).  Castro's constitutional challenge to 18 U.S.C. § 922(g) is likewise foreclosed.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.