# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50894
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY LAMAR HALL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-181-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Tommy Lamar Hall appeals his 120-month sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon. He argues that the district court plainly erred as a result of a procedural error in making an upward departure. Specifically, he asserts that the district court relied on unadjudicated offenses, which was prohibited by U.S.S.G. § 4A1.3(a)(2)(E), and erroneously determined that he had a violent criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history.   He also contends that the sentence is substantively unreasonable because of the factors relied upon by the district court.

Hall did not raise the issues that he raises on appeal in the district court. We thus review his argument of procedural unreasonableness for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).   Under the plain-error standard of review, Hall must show a clear or obvious error that affected his substantial rights.   *Id.* at 392.   If he does so, the court has the discretion to correct the reversible plain error, but it should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

It is unclear whether the district court imposed a "Guidelines sentence" or a variance, which is considered a non-Guidelines sentence.   *See* § 4A1.3(a)(4)(B); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).   In any event, the court has determined "that for a non-Guidelines sentence, just as for a Guidelines sentence, it is error for a district court to consider a defendant's bare arrest record at sentencing." *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011) (internal quotations and footnote omitted); *see* § 4A1.3(a)(3).   However, § 4A1.3 does not preclude a district court that is contemplating an upward departure from considering reliable information indicating that a defendant's criminal history category substantially fails to represent the seriousness of his criminal history or the likelihood of his recidivism.   *See* § 4A1.3(a)(1); *United States v. Cantu-Dominguez*, 898 F.2d 968, 970 (5th Cir. 1990).

The presentence report (PSR) relied on investigatory reports concerning Hall's arrests for two aggravated assaults and an aggravated robbery.   The PSR contained reliable information that showed that Hall had engaged in assaultive conduct that caused bodily injuries to several individuals.   Based on

No. 18-50894

these unrebutted facts, there was an adequate evidentiary basis with sufficient indicia of reliability to support the district court's consideration of those unadjudicated offenses along with the other evidence of Hall's extensive criminal history in making an upward departure. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Harris*, 702 F.3d 226, 229-30 (5th Cir. 2012). Further, there was plausible and reliable evidence in the record to support the district court's determination that Hall had a violent criminal history. *See United States v. Pacheco-Alvardo*, 782 F.3d 213, 220 (5th Cir. 2015); *Fuentes,* 775 F.3d at 220. Therefore, Hall failed to demonstrate that the district court committed a clear or obvious error in considering the unadjudicated offenses or in characterizing his criminal history as violent. *Peltier,* 505 F.3d 389, 392.

Hall largely relies on the same arguments made above in contending that the upward departure resulted in a substantively unreasonable sentence. He also asserts for the first time that the district court should have considered the shooting incident occurring two days before his arrest in determining his sentence. Hall did not object to the substantive reasonableness of the sentence after it was pronounced by the district court. This court requires an objection in the district court to the substantive reasonableness of the sentence after it had been pronounced to preserve the issue for de novo review. *See Peltier*, 505 F.3d at 391-92.[1] However, Hall's sentence is substantively reasonable under

---

[1] The Supreme Court has granted certiorari on the issue whether a formal objection after pronouncement of sentence is necessary to avoid plain error review in appellate substantive reasonableness review. *Holguin-Hernandez v. United States*, 746 F.App'x 403 (5th Cir. 2018), *cert. granted*, 139 S.Ct. 2666, (June 3, 2019) (No. 18-7739). "Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue." *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

No. 18-50894

an abuse-of-discretion standard or plain error standard. *Id.*; *Gall v. United States*, 552 U.S. 38, 51 (2007).

Whether the sentence was a Guidelines upward departure or a non-Guidelines variance, the reasonableness of the sentence must be considered "under the totality of the relevant statutory factors." *United States v. Jones,* 444 F.3d 430, 441 (5th Cir. 2006). As discussed above, the district court did not plainly err in considering Hall's non-adjudicated offenses that were supported by reliable evidence and it did not clearly err in determining that Hall had a violent criminal history. Contrary to Hall's argument, the district court discussed the 18 U.S.C. § 3553(a) factors as they applied to Hall's case prior to determining his sentence. The district court provided Hall with a favorable ruling in deciding not to consider the shooting incident in determining his sentence. Hall's arguments show no plain or clear error resulting in a substantively unreasonable sentence. Further, the reasonableness of the departure is supported by Hall's extensive criminal history, including his multiple unscored convictions and pending drug cases, as well as the violent nature of many of his offenses. The extent of the departure satisfies the § 3553(a) factors, particularly Hall's need for adequate deterrence to protect the public. Last, the departure is well within the range of departures that have been upheld by the court. *See United States v. Brantley,* 537 F.3d at 348-50; *Jones,* 444 F.3d at 433. Based on the totality of the circumstances, the 120-month sentence was not substantively unreasonable and did not constitute error, plain or otherwise. *See Jones*, 444 F.3d at 441; *Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392.

The sentence is AFFIRMED.