UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Ian McKENZIE, Defendant–
Appellant.

No. 91–8655.

United States Court of Appeals,
Fifth Circuit.

May 10, 1993.

Ronald Barron Yokubaitis, Austin, TX (court-appointed), for defendant-appellant.

Richard L. Durbin, Jr., Donald W. Cassidy, Ronald F. Ederer, U.S. Attys., San Antonio, TX, for plaintiff-appellee.

Before VAN GRAAFEILAND *, KING, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Robert Ian McKenzie was convicted, pursuant to his guilty plea, on one count of illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326 (1988). McKenzie appeals his sentence, contending that the district court did not adequately explain its reasons for departing upward from the guidelines. Finding no abuse of discretion, we affirm.

I

The probation officer calculated McKenzie's criminal history category to be IV,[1] and total offense level to be 14.[2] *See* Presentence Report ("PSR") at 12. These calculations yielded a sentencing range of 27 to 33 months imprisonment. *See* United States Sentencing Commission, *Guidelines Manual,* Sentencing Table (Nov.1990). The PSR also referred to other criminal

---

* Senior Circuit Judge of the Second Circuit, sitting by designation.

1. McKenzie's total criminal history points were derived from convictions for: (1) carrying a loaded weapon in a public place (Los Angeles 1987); (2) possession of cocaine base for sale (Los Angeles 1987); (3) purchasing marijuana (Texas 1989); and (4) possession of cocaine (Texas 1990). *See* PSR at 6–8.

2. The facts underlying McKenzie's offense of conviction are not relevant to his appeal.

conduct by McKenzie that had not been adjudicated and was not part of his criminal history score. *See* PSR at 9–12. Neither party objected to the PSR. *See* Record on Appeal, vol. 3, at 30, 32.

At the sentencing hearing, the district court concluded that McKenzie's criminal history score inadequately reflected his past criminal behavior and likely recidivism. The court accordingly departed from the guidelines on this explicit basis, imposing a sentence of 60 months imprisonment. In doing so, the court effectively skipped the sentencing ranges corresponding to the next two criminal history categories—category V (range of 33–41 months) and category VI (range of 37–46 months). McKenzie filed a timely notice of appeal.

## II

■ McKenzie contends that the district court did not adequately explain its reasons for departing upward from the guidelines.[3] We review the court's decision to depart from the guidelines for abuse of discretion. *United States v. Roberson*, 872 F.2d 597, 601 (5th Cir.), *cert. denied*, 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). A departure from the guidelines will be upheld if the district court provided acceptable reasons for the departure and the departure was reasonable. *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir.1993). Section 4A1.3 of the guidelines permits courts to depart upward "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. 4A1.3 (Nov.1990). When departing on the basis of § 4A1.3, "a district court must evaluate each successive criminal history category above or below the guideline range for a defendant as it determines the proper extent of departure." *Lambert*, 984 F.2d at 662 (citing

*United States v. Lopez*, 871 F.2d 513 (5th Cir.1989)). "We do not, however, require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects. Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure...." *Id.* at 663.

■ The relevant portions of McKenzie's sentencing hearing provide:

THE COURT: Mr. McKenzie, the court has reviewed this presentence report and the record in this case. The court has also looked again at the provisions of Section 4A1.3 of the sentencing guidelines.

And the court is of the view that your criminal record in the past does not accurately reflect or reflected in the guideline sentence as it's calculated in the standard method here, that is, that the criminal history category that was given you here based on these normal, standard calculations doesn't adequately reflect and give credit for your past criminal conduct.

The court is of the view that based on your history, criminal history as set out in the presentence report that there is a very good likelihood that you will commit other offenses if you're not appropriately punished here.

And the court is of the view that there is a very good likelihood that you will commit other offenses if you're not appropriately punished here.

And the court is of the view that your criminal conduct is certainly more proportional to a higher category—criminal history category, that is, a Category 5 or 6 than the one that is contained in the basic calculations.[4]

---

3. In his brief on appeal, McKenzie makes four "separate" challenges to the district court's upward departure. *See* Brief for McKenzie at 3. Because those challenges all relate to the adequacy of the court's reasons for departure, we treat them as one single argument.

4. At the end of the hearing, the court acknowledged that it was departing beyond criminal history category VI—the highest category in the guidelines. *See* Record on Appeal, vol. 3, at 35.

So, the court finds that defendant, Robert Ian McKenzie's, present criminal history category does not relate proportionately to other defendants within that same category and the proportionality of your criminal history is better reflected in a higher criminal history category.

Therefore, it's the judgment of this court that with regard to Count 1 you be sentenced to the custody of the Bureau of Prisons for a period of sixty months, you be assessed a special assessment in the amount of fifty dollars.

Record on Appeal, vol. 3, at 32–33.

Although the district court's rationale for departing could have been more explicit, we are satisfied that the court's stated reasons, when read in the context of the record as a whole, "presents a basis upon which we may reasonably conclude that the district court thoroughly considered the appropriate guidelines in arriving at its ultimate sentence." *Lambert*, 984 F.2d at 663. The court, in referring to McKenzie's prior criminal history as detailed in the PSR, effectively set out those factors which warranted a departure for an inadequate criminal history score.[5] *See* PSR at 9–12. Based on these factors, the court found that McKenzie's criminal history category did not adequately reflect the seriousness

of his past criminal conduct and likely recidivism. *See* Record on Appeal, vol. 3, at 33 (citing U.S.S.G. § 4A1.3).[6] The court therefore concluded that the "proportionality of [McKenzie's] criminal history category [would be] better reflected in a higher criminal history category." *Id.* Departing up one level, to criminal history category V, would have increased McKenzie's sentence by only eight months, while departing up to the next level, to criminal history category VI, would have increased his sentence by only thirteen months. *See* U.S.S.G. Sentencing Table. Because the court's reasons for upward departure demonstrate that an additional thirteen month term of imprisonment would have been inadequate, the court's explanation for its sentence also explains why it rejected intermediate categories.[7] *See Lambert*, 984 F.2d at 663. As we pointed out in *Lambert*, "it is not clear what else the court could have said to explain its sentence other than to repeat the various factors in the defendant's criminal history for which the guidelines did not account." *Id.*, 984 F.2d at 664. Accordingly, we find that the court adequately stated its reasons for departure, and hold that the court did not abuse its discretion in departing upward from the

---

5. The "criminal history as set out in the presentence report" which was not included in McKenzie's total criminal history points consisted of arrests for possession of a weapon (Los Angeles 1987) (charges dismissed for unspecified reasons) and for possession of cocaine with intent to deliver (Texas 1990) (INS hold placed on McKenzie). The PSR also included pending charges against McKenzie of possession of marijuana with intent to sell and possession of a controlled dangerous substance (New Jersey 1985) (outstanding warrant), and of conspiracy, possession, possession with intent to distribute, and distributing a controlled dangerous substance (crack cocaine) (New Jersey 1986) (outstanding warrant after McKenzie failed to appear).

6. Section 4A1.3 provides:

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline

range. Such information may include, but is not limited to, information concerning:

  . . . .

(d) whether the defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense;

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. 4A1.3 (1990).

7. In *Lambert*, we noted that "[in] a very narrow class of cases, we can conceive that the district court's departure will be so great that, in order to survive our review, it will need to explain in careful detail why lesser adjustments in the defendant's criminal history score would be inadequate." *See id.*, 984 F.2d at 663. In light of the seriousness of McKenzie's prior criminal conduct, we do not believe that the court's departure in this case—from a guideline maximum of 33 months to 60 months imprisonment—falls into that "very narrow class of cases." *See id.* at 663–64 (holding that a departure which doubled the guideline maximum—from 18 months to 36 months imprisonment—was not so great that a court need explain in careful detail why intermediate categories would be inadequate).

guidelines.[8]

### III

For the foregoing reasons, we **AFFIRM.**

---

8. Although McKenzie apparently does not challenge the extent of the court's departure, we nevertheless note that the 27–month departure (roughly twice the guideline maximum) was not unreasonable in light of McKenzie's serious criminal history. *See Lambert,* 984 F.2d at 664.