IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50158
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

WILLIAM EARL MILLS,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-94-CR-112
- - - - - - - - - -
October 29, 1996
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

     William Earl Mills appeals his convictions for bank robbery,
using and carrying a firearm during the commission of a crime of
violence, possession of a firearm by a convicted felon,
possession of an unregistered firearm, and escape from custody.
He argues that the district court erred when it denied his motion
to suppress evidence, that the evidence was insufficient to
support his conviction for using and carrying a firearm during

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the commission of a crime of violence, that the district court erred when it increased his criminal history level without discussing intermediate levels, and that the district court erred when it used the obstruction-of-justice enhancement twice when calculating the offense level on his multiple-count conviction.

We have reviewed the record and the briefs of the parties and hold that the evidence Mills sought to suppress was not the product of an unlawful search because he voluntarily abandoned the duffle bag which contained the evidence. United States v. Quiroz-Hernandez, 48 F.3d 858, 864 (5th Cir. 1995). We further hold that the evidence was sufficient for a reasonable jury to find Mills guilty beyond a reasonable doubt of using and carrying a firearm during a crime of violence. United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), aff'd, 462 U.S. 356 (1983). As to Mills's contention that the district court failed to articulate its reasons for enhancing Mills's criminal history, we find that the record provides a reasonable basis by which this court can conclude that the district court thoroughly considered the appropriate guidelines in arriving at its sentence. See United States v. McKenzie, 991 F.2d 203, 205 (5th Cir. 1993). Last, we find that the district court did not err when it overruled Mills's objection to the enhancement of his base offense level for the obstruction of justice.

AFFIRMED.