IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-51058
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-788-ALL

_____

May 19, 1999

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Pablo Aguilar appeals his sentence following his guilty-plea conviction for impersonating an immigration officer, in violation of 18 U.S.C. § 912. Aguilar contends that the district court failed to give acceptable reasons justifying its upward departure and that the departure was unreasonable. The decision to depart

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the Sentencing Guidelines is reviewed for abuse of discretion. *United States v. McKenzie*, 991 F.2d 203, 204 (5th Cir. 1993). An upward departure will be affirmed if the district court offers acceptable reasons for the departure and the departure is reasonable. *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc).

The district court adequately articulated its reasons for the upward departure by discussing Aguilar's prior criminal activities and its opinion that the applicable guideline range did not adequately reflect the seriousness and extent of his past crimes and did not address his recidivist tendencies. *United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994) (en banc); *United States v. Chappell*, 6 F.3d 1095, 1102 (5th Cir. 1993); *United States v. Laury*, 985 F.2d 1293, 1310 (5th Cir. 1993). The district court departed upward on this basis from the 18 to 24 month guideline to the 36 month statutory maximum, indicating along the way that it felt 40 months would be appropriate. Although the district court did not expressly examine each intervening guideline category, its detailed explanation of why it felt a 12 month upward departure was called for on the foregoing bases makes it evident why it rejected the three possible lower levels of upward departure (3 months each) calculated on such a basis. Under the circumstances, this was adequate. *McKenzie* at 205. As we said in *Ashburn*:

> "The district court did not expressly examine each intervening criminal history category. However, we do not require the district court to go through such a 'ritualistic exercise' where, as here, it is evident from the stated grounds for departure why the bypassed criminal history categories were inadequate." *Id*. at

2

809.

With respect to the reasonableness of the departure, the district court has wide discretion in determining the extent of the departure. *United States v. Moore*, 997 F.2d 30, 37 (5th Cir. 1993). We have reviewed the record and the briefs on appeal and find that the upward departure was not unreasonable. Aguilar's sentence is

AFFIRMED.