IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10929
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT KEITH CHANDLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-99-2-A
--------------------
June 21, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Robert Keith Chandler appeals from his conviction of conspiracy to commit theft of United States mail, theft of United States mail, and aiding and abetting. Chandler contends that the dismissal of charges against two of his codefendants rendered the evidence insufficient to support his conspiracy conviction; that the district court failed to provide notice of the reasons for its upward departure from the guideline sentencing range; that the district court failed to consider intermediate offense-level sentencing ranges; that the district court did not provide adequate

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for departure; and that he received ineffective assistance of counsel.

First, the dismissal of charges against Chandler's two codefendants did not render the evidence insufficient to support Chandler's conviction. *See United States v. Zuniga-Salinas*, 952 F.2d 876, 878 (5th Cir. 1992)(en banc). Second, the probation officer outlined the reasons for an upward departure in Chandler's presentence report, and the district court issued an order before sentencing notifying Chandler of its tentative decision to depart. Chandler received adequate notice. *See Burns v. United States*, 501 U.S. 129, 138 (1991). Third, the district court's articulation of its departure decision indicated that it wished to depart to the statutory maximum regardless of an intermediate sentencing range, satisfying the requirement that the category ultimately chosen be explained. *See United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc). Fourth, the district court provided acceptable reasons for the departure. *United States v. McKenzie*, 991 F.2d 203, 204 (5th Cir. 1993). Chandler's criminal history strongly suggests that he has failed to get the message that crime does not pay. Finally, Chandler has failed to show that defense counsel was deficient for not calling certain witnesses to testify on his behalf. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

AFFIRMED.