IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50802
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GALVEZ-TAPIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-179-ALL-SS
--------------------
February 7, 2002
Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Galvez-Tapia appeals his sentence following his guilty-plea conviction for illegal reentry into the United States, a violation of 8 U.S.C. § 1326. He argues that the district court erred by not giving an adequate explanation for its decision to upwardly depart at sentencing. "A departure from the guidelines will be upheld if the district court provided acceptable reasons for the departure and the departure was reasonable." United States v. McKenzie, 991 F.2d 203, 204 (5th Cir. 1993).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court explained both at sentencing and in the judgment that it upwardly departed due to Galvez-Tapia's extensive criminal history.  This is an acceptable basis for departure.  See United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (en banc).  The district court also explained at sentencing why a two-level departure was appropriate and thus complied with the principles set forth in United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).  The departure itself was not unreasonable when compared to others that have been upheld.  See, e.g., Ashburn, 38 F.3d at 809.

Galvez-Tapia has not shown that the district court's decision to depart was based on an unacceptable reason or that the departure itself was unreasonable.  Accordingly, the judgment of the district court is AFFIRMED.