UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10245
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JASON LAMAR OWEN

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
(4:01-CR-162-1-A)
_____

March 7, 2003

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we are asked to review the sentence that was imposed following Defendant

Jason Lamar Owen's guilty-plea conviction for manufacturing counterfeit United States currency,

a violation of 18 U.S.C. § 471. For the following reasons, we affirm the sentence and the district

court's judgement.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August of 2001, Jason Lamar Owen manufactured counterfeit United States currency using his home computer. On at least two occasions, Owen attempted to pass the counterfeit currency. One of the individuals Owen had attempted to pass the counterfeit currency to contacted the authorities, and Owen was subsequently charged by indictment on two counts related to making and using counterfeit obligations of the United States –i.e., currency.[2] Owen pleaded guilty to count one of the indictment, and the district court subsequently sentenced him to an eighty-month term in person and to a three-year period of supervised release. The sentence imposed involved an upward departure from the sentencing guidelines. Owen filed timely notice of his appeal.

## II. ISSUE ONE: REASONABLENESS OF THE COURTS UPWARD DEPARTURE

Owen first contends that the extent of the district court's upward departure from the guidelines when levying his sentence was unreasonable. We generally review a district court's decision to depart from the Sentencing Guidelines for an abuse of discretion. *United States v. Alford*, 142 F.3d 825, 830 (5th Cir. 1998) (citing *United States v. McKenzie*, 991 F.2d 203, 204 (5th Cir. 1993)). In the case at hand, however, the record reveals that no timely objection was offered in the district court. Therefore the issue is reviewed only for plain error. *Alford*, 142 F.3d at 830; *see also United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994).

Under plain error review, the defendant must show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public

---

[2] The second count was ultimately dismissed, leaving Owen charged with only one count of manufacturing counterfeit currency.

reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).

If an appellant does demonstrate clear or plain error that has affected his substantial rights, this

Court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or

public reputation of judicial proceedings, but is not required to do so. *United States v. Calverley*,

37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 730-

35 (1993)).

The district court explicitly relied on USSG §§ 1B1.4, 4A1.3 and 5K2.0 in reaching its

decision to depart from the sentencing guidelines. According to these provisions, the district court

may depart from the guidelines "if the court finds 'that there exists an aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing

Commission in formulating the guidelines.'" USSG § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)).

Furthermore, the district "court may consider, without limitation, any information concerning the

background, character and conduct of the defendant, unless otherwise prohibited by law." USSG

§ 1B1.4; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning

the background, character, and conduct of a person convicted of an offense which a court of the

United States may receive and consider for the purpose of imposing an appropriate sentence").

Departure from the guidelines is warranted if the court determines that the defendant's "criminal

history category does not adequately reflect the seriousness of the defendant's past criminal

conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3, p.s.

Owen, age 24, has three prior convictions for burglary of a vehicle, four prior convictions

for theft of a vehicle, and one prior for being a felon in possession of a firearm. The offense which

spurred this appeal occurred less than two years after Owen was last released from prison. When

all of the aforementioned facts are considered, Owen has a criminal history score of 22, nine points more than is necessary for the highest criminal history category. Furthermore, Owen has additional arrests which are not factored into Owen's criminal history score, and the addendum to the presentence report ("PSR") indicates that he was involved in additional counterfeiting activities while awaiting sentencing for the instant offense.

The district court took note of Owen's criminal history, in particular, the fact that Owen had been criminally active since the age of 17 and that he had not been deterred by probated sentences, a boot camp program, jail terms, brief prison sentences or parole supervision. According to the court, all things considered, "the sentencing guideline calculations . . . do not adequately take into account the defendant's criminal conduct."

The district court then stated that it was departing upward by moving incrementally down the sentencing table within criminal history category VI. The resulting guideline range for the offense level the district court determined to be fitting –level 24– was 100 to 125 months. Although the district court believed a sentence within this range would have been appropriate, the court limited the upward departure so as to result in a sentence totaling 80 months.

As noted, the district court stated how it reached the sentence imposed. *See United States v. McKenzie*, 991 F.2d 203, 204 (5th Cir. 1993) ("A departure will be upheld if the district court provided acceptable reasons for the departure and the departure was reasonable"). Although the district court could have further explained why it rejected any intermediate offense levels, it appears those levels were considered and then rejected by the district court due to their inadequacy. *See United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc) (noting that district court is not required to mechanically discuss each criminal history category it rejects

en route to reaching the one it selects)("Ordinarily the district court's reasons for rejecting intermediate categories [or offense levels] will clearly be implicit, if not explicit, in the court's explanation for its departure"); *see also United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995). We are satisfied that the court's stated reasons, when read in the context of the record as a whole, presents a basis for departure from the guidelines. *See McKenzie*, 991 F.2d at 205. Furthermore, given the record and the stated reasons for departure, the imposed sentence of 80 months was not unreasonable. *See Lambert*, 984 F.2d at 664. No error has been demonstrated, plain or otherwise.

## III. ISSUE TWO: DENIAL OF ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY

Owen also argues that the district court erred in failing to reduce his offense level for acceptance of responsibility. Because Owen did not object to the PSR Addendum, which recommended that no adjustment be given, we review this issue for plain error. *See Rodriguez*, 15 F.3d at 414-15.

The district court chose to deny Owen an adjustment for his acceptance of responsibility because Owen failed to refrain from criminal conduct while he was released pending trial. *See United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996) ("The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release").

According to Owen, the information in the PSR pertaining to his activities while on pretrial release is unreliable because it was based on a statement made by another alleged counterfeiter. Owen posits that his involvement in the additional criminal activity was not proved and that the district court's finding lacked an adequate evidentiary basis.

"A district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002)(citing *United States v. Rome*, 207 F.3d 251, 254 (5th Cir. 2000)). In addition, a district court may consider hearsay evidence when making sentencing determinations, so long as the evidence has sufficient indicia of reliability to support its probable accuracy. *United States v. Billingsley*, 978 F.2d 861, 866 (5th Cir. 1992). The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it. *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) (citing *United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993).

In the case at hand, the information provided to the case agent which formed the basis of the Addendum to the PSR was sufficiently detailed to support its probable accuracy and, significantly, was corroborated by the counterfeiting materials found in Owen's car. In addition, Owen admitted that he had instructed at least one other individual regarding how to produce counterfeit currency. We find that there was no error, plain or otherwise, in denying Owen an adjustment for his acceptance of responsibility.

## IV. CONCLUSION

For the foregoing reasons, the judgement of the district court is AFFIRMED.