UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20113
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

  v.

ADOLFO MONTELONGO-PERRET

        Defendant - Appellant

_____

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
(H-01-CR-386-ALL)
_____

March 14, 2003

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Adolfo Montelongo-Perret appeals his bench-trial conviction for illegal reentry following

deportation. He first argues that the district court erred by imposing a four-level increase in his

offense level because his state court convictions for unauthorized use of a motor vehicle and auto

theft did not constitute felonies under USSG § 2L1.2(b)(1)(D). Perret acknowledges that his

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

argument is foreclosed by *United States v. Caicedo-Cuero*, 312 F.3d 697, 704-06 (5th Cir. 2002), but seeks to preserve the issue for Supreme Court review. Perret's argument is indeed foreclosed. *Id.*

Perret avers next that the district court abused its discretion in departing upward based on its finding that his criminal history category underrepresented the seriousness of his past criminal conduct. The district court explained that the upward departure was based on Perret's extensive criminal history, the nature of Perret's prior offenses, and his propensity for recidivism. The district court provided acceptable reasons for the departure, and the departure was reasonable. *See United States v. McKenzie*, 991 F.2d 203, 204 (5th Cir. 1993); *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc).

Perret contends that the district court should have suppressed the evidence of his prior administrative deportation because he was deprived of due process during his 8 U.S.C. § 1228 administrative deportation proceeding. Perret concedes that his argument is foreclosed by this court's precedent, but he raises the issue to preserve it for Supreme Court review.

In *United States v. Benitez-Villafuerte*, 186 F.3d 651, 656-60 (5th Cir. 1999), this court held that the administrative deportation procedures set forth in 8 U.S.C. § 1228 comport with due process and that evidence of such deportation proceedings is admissible in a subsequent criminal prosecution under 8 U.S.C. § 1326. We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999). No such decision overruling *Benitez-Villafuerte* exists.

Lastly, Perret contends that, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b)(2) is unconstitutional because it does not require the prior felony conviction to

-2-

be proved as an element of the offense. Perez acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 446 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *Apprendi*, 530 U.S. at 489-90, 496; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation and citation omitted). Given the foregoing, the judgement of the district court is AFFIRMED.

AFFIRMED.