**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**May 29, 2003**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50932
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHALEEL NA'IM SHAKUR, also known as
Khaleel Shakur,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-66-1
--------------------

Before KING, Chief Judge, and DEMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:*

Khaleel Shakur challenges his guilty-plea conviction and

sentence for conspiring to make, utter, or possess a counterfeit

security of an organization. He asserts for the first time on

appeal that the factual basis was insufficient to establish that

he had agreed to join a conspiracy. He has not shown that the

district court committed plain error in accepting his guilty

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plea, as Shakur's admissions establish the elements of a conspiracy.  See United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

Shakur contends, also for the first time on appeal, that during his rearraignment proceeding the district court violated FED. R. CRIM. P. 11 in three separate instances.  He maintains that the court did not explain the nature of the charge to him, in violation of FED. R. CRIM. P. 11(c)(1); did not adequately explain the effect and operation of supervised release, pursuant to FED. R. CRIM. P. 11(c)(1); and did not ask him whether his willingness to plead guilty resulted from discussions between his attorney and the Government, pursuant to FED. R. CRIM. P. 11(d).  He has not established that these omissions constituted plain error.  See United States v. Vonn, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002).

Shakur maintains that the district court abused its discretion in departing upward at sentencing to impose a sentence of 60 months.  The district court concluded that the upward departure was warranted based upon the underrepresentation of Shakur's criminal history and the likelihood that he would commit more crimes in the future.  See U.S.S.G. § 4A1.3, p.s.  The court's explanation of its reasons for departure includes an implicit explanation for the rejection of intermediate categories.  See United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993)(en banc).  The degree of the departure was reasonable.

See <u>United States v. Daughenbaugh</u>, 49 F.3d 171, 174-75 (5th Cir. 1995).  The district court did not abuse its discretion in departing upward.  <u>See</u> <u>United States v. McKenzie</u>, 991 F.2d 203, 204 (5th Cir. 1993).  Consequently, the judgment of the district court is AFFIRMED.