United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ALBERT JACKSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-543-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph Albert Jackson appeals the upward departure that resulted in his 60-month sentence following his conviction on a guilty plea to being a felon in possession of a firearm. Jackson contends that the district court improperly departed because it bypassed criminal history categories V and VI without stating reasons for its rejection of those categories. Jackson asserts that the district court did not consider 18 U.S.C. § 3553's sentencing factors and imposed an unreasonable sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review an upward departure for reasonableness; we review the decision to depart upwardly and the extent of the departure for an abuse of discretion. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of the district court's discretion when it (1) "advance[s] the objectives set forth in 18 U.S.C. § 3553(a)(2)"; and (2) is "justified by the facts of the case." Id.

The district court departed upwardly after citing to six prior convictions that did not contribute points to Jackson's criminal history category and determining that the Sentencing Guidelines did "not adequately reflect the seriousness of [Jackson's] prior conduct" or the likelihood that he would commit future crimes. The district court's reasons are sanctioned under U.S.S.G. § 4A1.3 as grounds for an upward departure, and the reasons advance the directives of § 3553(a)(2). See United States v. McKenzie, 991 F.2d 203, 204 (5th Cir. 1993).

We do not require the district court to engage in "a ritualistic exercise" in which it "mechanically discusses each criminal history category it rejects en route to the category it selects." McKenzie, 991 F.2d at 204. The district court's reasons for rejecting intermediate criminal history categories are implicit and are supported by the record. See United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. 2006); McKenzie, 991 F.2d at 204-06.

The district court's reasons for the upward departure correspond to the objectives of § 3553(a)(1) and coincide with the concerns of § 3553(b). The district court's statements at sentencing indicate that it considered the guidelines range and policies as § 3553(a)(3)-(7) requires. Accordingly, the district court considered statutory factors in deciding to depart upwardly and did not abuse its discretion. See United States v. Saldana, 427 F.3d 298, 312-13, 315-16 (5th Cir.), cert. denied, 126 S. Ct. 810 (2005) and 126 S. Ct. 1097 (2006).

We accord great deference to the district court's decision as to the extent of the departure. See Saldana, 427 F.3d at 312. Accordingly, the judgment of the district court is AFFIRMED.