United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10343
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDMOND NKEM EKENE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-338-1-P
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Edmond Nkem Ekene appeals the sentence imposed following his

guilty-plea conviction for embezzling funds as a bank employee in

violation of 18 U.S.C. §§ 2 and 656.  He challenges the district

court's decision to depart upward from the criminal history

category assigned under the Sentencing Guidelines.  Ekene argues

that the decision to depart was unreasonable; that the extent of

the departure intended by the district court was ambiguous; that

the district court failed to properly articulate why it bypassed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a one-category increase in favor of a two-category departure; and that the extent of the departure was unreasonable.

We review the district court's decision to depart and the extent of the departure for an abuse of discretion. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The district court here did not abuse its discretion in issuing an upward departure. Reliable information in the Presentence Investigation Report (PSR) indicated that the criminal history category determined under the Guidelines substantially under-represented the seriousness of Ekene's criminal history and the likelihood that he would commit other crimes. The district court found that he had committed significant criminal conduct as an adult which was not reflected in the criminal history category under the Guidelines. The court did not, as Ekene asserts, merely rely upon an arrest record. Instead the court relied upon the description of the criminal conduct obtained from the police investigation and recounted in the PSR in finding that the conduct had occurred. Accordingly, the increase was appropriate under the policy statement in U.S.S.G. § 4A1.3(a). See United States v. Jones, 444 F.3d 430, 434 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

Next Ekene suggests that the district court mistakenly departed upward by two categories when it intended a one-category departure. The district court stated twice that Ekene would be sentenced with a criminal history of category III, and it

sentenced him to the highest possible sentence under that category--a sentence that was not available under criminal history category II. Accordingly, the district court's final determination of Ekene's criminal history category was unambiguous.

Ekene also complains that the district court did not adequately explain why it chose to bypass a one-category departure in favor of a two-category departure. This court "does not, however, require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects in route to the category it selects." United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). Where, as here, the district court's reasons for the extent of the departure are implicit in its explanation of why the departure is necessary, it does not err in failing to explicitly address its reasons for rejecting any intermediate categories. Id.

A defendant earns a criminal history of category III with four to six criminal history points, while category II is designated for defendants with two or three points. U.S.S.G. Sentencing Table, Chap. 5, Pt. A. The district court recognized that Ekene should receive three points for each act of felony credit card fraud he committed, and it found that he fraudulently obtained one credit card and possessed an additional 39 fraudulent applications upon his arrest. The court did not err

in failing to expressly state why it did not place Ekene's criminal history within category II. See Lambert, 984 F.3d at 663; United States v. McKenzie, 991 F.2d 203, 204-06 (5th Cir. 1993).

In addition, Ekene argues that the extent of the departure was unreasonable. He argues that a sentence at the high end of the guidelines sentencing range would have satisfied the factors under 18 U.S.C. § 3553(a). Ekene received an additional 14 months by virtue of the upward departure. The 14-month departure was reasonable in order to effectuate the goals of § 3553(a), i.e., to reflect the seriousness of his criminal conduct; to promote his respect for the law; to provide just punishment; to provide adequate deterrence against future criminal conduct; and to protect the public from further crimes by him. § 3553(a)(2). The district court found that criminal conduct not reflected in the guidelines sentencing range demonstrated Ekene's willingness to continue identity theft on a grand scale after he had been caught in the present embezzlement scheme. Accordingly, the district court did not abuse its discretion, and the sentence was reasonable. See Smith, 440 F.3d at 707.

Finally, Ekene asserts two issues that are barred under the waiver provision in his plea agreement. First, he argues that the district court erred by enhancing his sentence by two levels because he used sophisticated means to carry out the embezzlement. Second, he argues that the district court erred by

imposing the two-level enhancement for his unlawful use of identification to produce or obtain another means of identification. Ekene knowingly and voluntarily waived his right to appeal his conviction and sentence in the plea agreement. Although he reserved the right to appeal "an upward departure from the guideline range deemed applicable by the district court," the enhancements at issue were not the basis of an upward departure from the guidelines range. Rather, they were used by the district court to calculate the applicable guideline range.

When the record indicates that the defendant read and understood his plea agreement, and he did not question the waiver of appeal provision, he "will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994). Ekene does not allege, and there is no indication in the record, that his acceptance of the plea agreement was unknowing or involuntary. The district court specifically admonished him that he was waiving his rights to appeal, and Ekene replied that he understood. Accordingly, the appeal waiver is valid and enforceable. See Portillo, 18 F.3d at 293.

Ekene argues that he did not admit the facts underlying the enhancements and that he preserved an objection under Blakely v. Washington, 542 U.S. 296 (2004). However, "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an

appeal seeking to raise a <u>Booker</u> or <u>Fanfan</u> issue (whether or not that issue would have substantive merit), merely because the waiver was made before Booker."  <u>United States v. Burns</u>, 433 F.3d 442, 450-51 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.