United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41030
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRACIELA GONZALEZ-ZUNIGA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-735-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Graciela Gonzalez-Zuniga (Gonzalez) pleaded guilty to
unlawful transportation of an alien within the United States, in
violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(ii).  Based on
an offense level of 10 and a criminal history category of I,
Gonzalez's guideline range of imprisonment was 6 to 12 months.
The district court determined that the Guidelines did not
adequately reflect the nature of Gonzalez's crime or her prior
criminal activity.  Using an offense level of 10 and a criminal
history category of VI, the district court sentenced Gonzalez to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

30 months of imprisonment. At the sentencing hearing, the district court stated that it was imposing an upward departure. In its statement of reasons, however, the district court characterized the sentence as a non-guideline sentence.

Gonzalez contends that the sentence is unreasonable. She argues that the district court failed to follow the appropriate methodology for upwardly departing. She also argues that the district court erred by failing to properly consider the objective of avoiding unwarranted sentencing disparity.

Gonzalez did not make these arguments in the district court. Her arguments may therefore be subject to plain error review, see United States v. Castillo, 430 F.3d 230, 241-42 (5th Cir. 2005), rather than the reasonableness standard that governs sentences post-United States v. Booker, 543 U.S. 220 (2005). See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). We need not decide which standard applies, however, because we conclude that Gonzalez's sentence was proper under either standard.

The district court relied upon 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B) at the sentencing hearing and in the statement of reasons. At the sentencing hearing, where the district court stated that it was imposing an upward departure, the district court determined that the Guidelines did not adequately reflect the § 3553(a) sentencing factors. The district court analyzed the facts, the nature and circumstances of the offense, Gonzalez's history and characteristics, and an

inability of the system to deter Gonzalez's criminal conduct. The district court stated that it was considering the other criminal categories and provided explicit reasons for using category VI rather than category I. Although in a "very narrow class of cases" more detail may be required, United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc), this court has affirmed significant departures in other cases where explicit consideration was not given to each criminal history category. See United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (en banc); United States v. McKenzie, 991 F.2d 203, 204-06 (5th Cir. 1993). Because the basis for the district court's ruling is thoroughly stated in the record, Gonzalez's case does not fall into the narrow range of cases where explicit detail is required regarding the district court's rejection of the intervening criminal history categories.

Gonzalez also argues in her attack on the upward departure that the district court failed properly to consider the objective of avoiding unwarranted sentencing disparity. As Gonzalez fails to explain why her sentence is disparate from others with similar records who have been found guilty of similar conduct, see § 3553(a)(6), she has failed to establish that the district court erred in its consideration of this sentencing factor.

The district court's reasons for departing advance the objectives set forth in § 3553(a) and are justified by the facts of this case. The departure therefore resulted in a reasonable

sentence.  <u>United States v. Zuniga-Peralta</u>, 442 F.3d 345, 347 (5th Cir. 2006), <u>cert. denied</u>, 126 S. Ct. 2954 (2006).

To the extent Gonzalez's sentence is considered a non-guideline sentence as indicated by the statement of reasons, the district court adequately complied with the procedure set forth in <u>United States v. Smith</u>, 440 F.3d 704, 707 (5th Cir. 2006). Moreover, the district court's rationale was explicit enough for this court to determine that the § 3553(a) factors support the sentence and that the district court adequately balanced the § 3553(a) factors.  <u>See</u> <u>id.</u> at 707-08.  Because "the court's findings in support of the upward variance sufficiently demonstrate that the substance of the sentence is reasonable under § 3553(a)," <u>id.</u> at 710, the district court did not err in the imposition of a non-guideline sentence.

Because Gonzalez's sentence was reasonable either as a Guideline sentence with an upward departure or as a non-Guideline sentence, the district court's judgment is AFFIRMED.