United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————————

No. 06-10154

————————

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

MAURICIO AGUIRRE ORCUTT,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
3:05-CR-92-ALL

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Mauricio Aguirre Orcutt appeals the sentence imposed following his guilty-plea conviction

for mail fraud. Pursuant to the now advisory Sentencing Guidelines, the district court departed

upward from the 30-37 month guideline range pursuant to U.S.S.G. § 4A1.3 and sentenced Orcutt

to a 57-month term of imprisonment. Orcutt contends that the upward departure was an abuse of

discretion and that his sentence is unreasonable. After carefully reviewing the record, we affirm the

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

sentence.

The Sentencing Guidelines permit a district court to depart upwardly if it believes that there is reliable information suggesting that the seriousness of the defendant's criminal history or his likelihood to recidivate is not adequately represented by the applicable sentencing range. U.S.S.G. § 4A1.3(a)(1) (2004). "[W]e review [such] departures for reasonableness, which necessitates that we review 'the district court's decision to depart upwardly and the extent of that departure for abuse of discretion.'" *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)).

The district court based the upward departure on reliable information indicating that Orcutt's criminal history category substantially under-represented the likelihood that he would commit additional frauds in the future) ) namely, the fact that Orcutt engaged in the same type of conduct that gave rise to his mail fraud conviction while awaiting sentencing on that conviction. This was a legitimate reason to depart upwardly under § 4A1.3. The court explained that Orcutt's conduct indicated that he was a "menace to society," and, hence, that an upward departure served the purpose of 18 U.S.C. § 3553(a)(2)(C) ) "to protect the public from further crimes of the defendant." The information contained in the presentence report, which the district court expressly adopted, along with the testimony of Orcutt's own psychotherapist, supports the district court's finding. Accordingly, the district court did not abuse its discretion when it decided to depart upward based on recidivism concerns. *See United States v. McDowell*, 109 F.3d 214, 217-18 (5th Cir. 1997); *see also United States v. Connelly*, 156 F.3d 978, 985 (9th Cir. 1998).

Nor did the district court abuse its discretion in departing upward from criminal history category III to criminal history category VI and imposing a 57-month sentence, which was in the

2

middle of the corresponding 51-63 month guideline range. Based on our review of the record, we are satisfied that the 57-month sentence advances the objectives set forth in 18 U.S.C. § 3553(a)(2) and is justified by the facts of the case. *See Zuniga-Peralta*, 442 F.3d at 347. Although the court did not explicitly state its reasons for rejecting the intermediate criminal history categories and settling on category VI, Orcutt's sentence does not place him in the narrow range of cases where such detail is required. *See United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994); *United States v. McKenzie*, 991 F.2d 203, 204-05 (5th Cir. 1993); *see also Zuniga-Peralta*, 442 F.3d at 347-48 (affirming an upward departure where the record "ma[de] abundantly clear, through the court's adoption of the PSR, its statements at sentencing, and its Statement of Reasons, the reasons for an upward departure"). The record in this case makes clear the reasons for the upward departure and supports the extent of that departure, and we therefore conclude that the 57-month sentence was reasonable.

AFFIRMED.