# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-31241
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SCOTT MICHAEL THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60034-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Scott Michael Thompson appeals the 113 month sentence imposed following his guilty plea conviction for two counts of possessing and passing counterfeit obligations. Thompson argues that the district court erred in considering impermissible factors as a basis for upwardly departing from the advisory guidelines range of 27-33 months. Thompson also contends that the district court failed to perform an incremental analysis when imposing the upward departure and that his sentence is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Thompson did not object to the district court's consideration of impermissible factors, this argument is reviewed for plain error. See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006). To the extent that the district court considered Thompson's arrest record in imposing the upward departure, the court plainly erred. See id. However, Thompson does not show that the error affected his substantial rights because the district court relied on other permissible factors in upwardly departing, including prior convictions and the seriousness of Thompson's criminal history. See id. at 438. The record indicates that the district court would have imposed the same upward departure even if the impermissible factor had not been considered.

Although the district court did not perform an explicit incremental analysis, the district court noted that the upward departure reflected an increase of 12 offense levels. The court specifically stated that its reason for departing was the seriousness of Thompson's criminal history. The court further stated that a higher offense level might be warranted and that any lesser sentence would be unreasonable. As such, Thompson's "case does not fall into the narrow range of cases where explicit detail is required regarding the district court's rejection of the intervening" offense levels. United States v. Gonzalez-Zuniga, ___ F.3d ___, No. 06-41030, 2007 WL 1289984, *1 (5th Cir. May 2, 2007). This argument is without merit.

"An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006) (internal quotation marks and citation omitted). Thompson's upward departure meets those criteria. The extent of the departure is reasonable. See United States v. Smith, 417 F.3d 483, 491-92 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.