# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

Lyle W. Cayce
Clerk

No. 10-10313
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GARY WAYNE SIDES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-134-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gary Wayne Sides appeals his 36-month sentence, imposed following his guilty-plea conviction for uttering counterfeit obligations of the United States, in violation of 18 U.S.C. § 472. He contends: the district court erred by departing upwardly from his advisory Sentencing Guidelines sentencing range of 18 to 24 months; and, his sentence is unreasonable.

Although, post-*Booker*, the Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court must still properly calculate the sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. (Sides does not contend his sentence is procedurally unreasonable.) We next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.*

A district court's decision to depart from the advisory sentencing range, and the extent of that departure, is reviewed for abuse of discretion. *E.g.*, *United States v. Newsom*, 508 F.3d 731, 733-34 (5th Cir. 2007) (citation omitted). The district court concluded that Sides' criminal-history category substantially under-represented the seriousness of his criminal history, the likelihood that he would recidivate, and the need to protect the public. *See* U.S.S.G. § 4A1.3(a)(1) ("If reliable information indicates . . . defendants's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes, an upward departure may be warranted."); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (upward departure not abuse of discretion if district court's reasons for departing advance 18 U.S.C. § 3553(a)(2) objectives and are justified by facts of the case); *United States v. Simkanin*, 420 F.3d 397, 418 & n. 24 (5th Cir. 2005) (affirming upward departure based upon likelihood of recidivism). Two convictions and six arrests not resulting in convictions were unaccounted for by Sides' criminal-history category. *See* U.S.S.G. § 4A1.3(a)(2)(A) & (E) (information that may be considered in forming basis for an upward departure includes "[p]rior sentence(s) not used in computing the criminal history category" and "[p]rior similar adult criminal conduct not resulting in a criminal conviction"). Given Sides' extensive

No. 10-10313

criminal record, which includes other offenses designed to deprive rightful owners of their property, as well as violent assaults, the court did not abuse its discretion by departing upwardly.

In regard to the substantive reasonableness of the sentence, the district court cited fact-specific reasons for imposing a non-Guidelines sentence, and its reasons for imposing an upward departure adequately reflected the 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006).  Along that line, our court has previously upheld comparable, and even greater, departures than Sides'.  *See Zuniga-Peralta*, 442 F.3d at 346-48 (upholding 27-month upward departure based on defendant's extensive criminal history); *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004) (upholding 24-month upward departure in the light of defendant's 21 criminal-history points, prior lenient sentences received, and likelihood of recidivism); *United States v. McKenzie*, 991 F.2d 203, 205 n.7, 206 n.8 (5th Cir. 1993) (ruling 27-month departure, roughly twice Guidelines maximum, was reasonable in the light of defendant's serious criminal history).

AFFIRMED.